MEMORANDUM **
Oscar Antonio Rivas-Cruz, a native and citizen of El Salvador, petitions for review of the Board Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, Cerezo v. Mukasey, 512 F.3d 1163, 1166 (9th Cir. *689 2008), except to the extent that deference is owed to the BIA’s determination of the governing statutes and regulations, Simeonov v. Ashcroft, 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006).
Substantial evidence supports the BIA’s conclusion that Rivas-Cruz’s vocal opposition to the MS-13 gang did not constitute a political opinion. See Santos-Lemus v. Mukasey, 542 F.3d 738, 746-47 (9th Cir.2008) (opposition to gang activity is not a political opinion). We reject Rivas-Cruz’s claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, young El Salvadorean males who refuse to join gangs. See Barrios v. Holder, 581 F.3d 849, 854-55 (9th Cir.2009) (rejecting as a particular social group “young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang’s criminal activities”); Santos-Lemus, 542 F.3d at 745-46 (rejecting as a particular social group “young men in El Salvador resisting gang violence”) (internal quotation omitted). Substantial evidence also supports the BIA’s conclusion that the threats Rivas-Cruz received from a gang member did not rise to the level of persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003).
Accordingly, because Rivas-Cruz failed to demonstrate that he suffered harm that rose to the level of persecution or that it was on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. See Barrios, 581 F.3d at 855-56.
Rivas-Cruz’s contention that the BIA violated jus cogens lacks merit.
Rivas-Cruz does not otherwise challenge the BIA’s denial of his CAT claim. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not specifically raised and argued in a party’s opening brief are waived).
Considering our holding in Barrios v. Holder, 581 F.3d 849, 854-55 (9th Cir.2009), Rivas-Cruz’ motion to remand is denied.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.